UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN ARIAS RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1077 NCC |
| | ) | |
| COCA COLA COMPANY OF, | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff Juan Arias Ramirez' pro se complaint. [ECF No. 2]. For the reasons discussed below, the Court will direct plaintiff to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**The Complaint**

Plaintiff initiated this action on October 7, 2022, by filing an employment discrimination complaint against defendant Coca Cola Company of North America. The complaint is partially typed and partially written on a court-provided employment discrimination form. Thus, the way the pleading is written makes it difficult to discern the claims plaintiff is bringing against the defendant.

Plaintiff, who states that he is black and foreign born, indicates that he is bringing this action against his former employer pursuant to 42 U.S.C. § 1981, as well as under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Plaintiff appears to assert claims for race discrimination, a hostile work environment and for retaliation; however, the Court is unsure which claims plaintiff is bringing under which statute. Attached as a supplement to his complaint is a copy of a right-to-sue letter received from the Equal Opportunity Commission ("EEOC"), dated

October 6, 2022. Plaintiff has not, however, included a copy of the charge of discrimination he purportedly filed with the EEOC. For relief, plaintiff seeks monetary damages.

Because plaintiff's complaint is made up of two separate complaints, the Court will require plaintiff to consolidate his pleading into one central complaint form. The amended complaint must be filed on the Court's Employment Discrimination Complaint form in compliance with this Court's Local Rules. *See* Local Rule 2.06. Additionally, the Court will require plaintiff to provide a copy of his charge of discrimination that he filed with the EEOC as an attachment to his amended complaint.[1]

### Discussion

As set forth above, because plaintiff's complaint is unclear, the Court will require plaintiff to submit one amended complaint on a court-provided Employment Discrimination Complaint form setting forth the claims he is pursuing under each of the employment discrimination statutes. *See* Local Rule 2.06.

Plaintiff must specify the federal statute(s) which forms the basis of his lawsuit, and he should succinctly state in the section marked "Statement of Claim," how he suffered employment discrimination on the basis of his race. In a separate section that he may attach to his amended complaint, plaintiff may also set forth how he believes he was retaliated against, as well as how he believes he was subjected to a hostile work environment. Plaintiff should identify if his hostile work environment claims are based on race or on his gender, or both.

---

[1] The Court is unable to determine from the face of plaintiff's pleading the exact date on which plaintiff filed his charge of discrimination. In one point in the complaint plaintiff states he filed his charge on the date he was terminated from his employment in March 2021. However, on the form portion of plaintiff's complaint he indicates he filed his charge of discrimination on October 6, 2022. Plaintiff should take care to articulate the exact date he filed his charge of discrimination in his amended complaint.

Plaintiff is also required to attach to his amended complaint a copy of his charge of discrimination filed with the EEOC. A party seeking to bring an action under Title VII is required to timely file a charge of discrimination with the EEOC and receive a right-to-sue letter. *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e–5(b), (c), (e). Thus, the Court will provide plaintiff with the opportunity to provide the Court with a copy of his charge of discrimination to ensure plaintiff has properly exhausted his administrative remedies and timely filed the instant employment discrimination complaint.

Plaintiff's charge of discrimination and right-to-sue letter must be attached to an amended complaint on a Court form, which will be provided to him. The amended complaint will replace the original complaint. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

To establish a prima facie case of Title VII discrimination, a plaintiff must show: (1) he is a member of a protected class; (2) was meeting his employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated

3

employees who were not members of his protected class. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013).[2]

To establish a prima facie case of retaliation, a plaintiff must show: (1) that he engaged in statutorily protected activity; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *Weger v. City of Ladue,* 500 F.3d 710, 726 (8th Cir. 2007).

To establish a prima facie case of hostile work environment, a plaintiff must show: (1) he is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his protected status; and (4) the harassment affected a term, condition, or privilege of his employment. *Alvarez v. Des Moines Bolt Supply, Inc.,* 626 F.3d 410, 419 (8th Cir. 2010).

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given thirty (30) days to file an amended complaint along with the charge of discrimination.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel in addition to his complaint in this action. [ECF No. 3]. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit

---

[2] The analysis as to a prima facie case for race discrimination case under 42 U.S.C. 1981 "is identical." *See Walker v. First Care Management Group, LLC,* 27 F.4th 600, 604-05 (8th Cir. 2022); *but see Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S.Ct. 1009 (finding that a litigant needs to allege that race was the "but for" cause of his injury in a suit brought pursuant to 42 U.S.C. § 1981).

4

from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motion without prejudice and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Although plaintiff's motion for appointment of counsel is denied at this time, the Federal Legal Advice Clinic may be able to provide him with assistance in this matter. Appointments can be made for a free virtual 30-minute consultation online at www.bamsl.org/federalcourt or by phone at 855-978-7070. All meetings will be scheduled by Zoom platform. This clinic is not affiliated or related to the United States District Court.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide plaintiff a Court form for filing an Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, **no later than thirty (30) days** from the date of

5

this Memorandum and Order. Plaintiff must attach a copy of his EEOC charge of discrimination with his amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED, without prejudice,** at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

Dated this 13th day of October, 2022.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE